RECEIVED
NOV 17 2026
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK
3:26-cv-00399-ACP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TANYA LANGE, Plaintiff,

v.

MARTHA KINCAID, OCS Caseworker, in her Individual Capacity; MICHELLE PARTRIDGE, FCS Supervisor, in her Individual Capacity; MARGIT GARRY, OCS Supervisor, in her Individual Capacity; JEN BRIGHTON, OCS Supervisor, in her Individual Capacity, DEB RUSS, Guardian ad Litem, in her Individual Capacity; PAUL S. MORIN, Assistant Attorney General, in his Individual Capacity; and DOES 1-10, Defendants.

Case No. 3:26-cv-_____ (to be assigned)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## (42 U.S.C. SECTIONS 1983, 1985)

## DEMAND FOR JURY TRIAL

Plaintiff Tanya Lange ("Plaintiff"), appearing pro se, for her Complaint against the above-named Defendants, alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. Sections 1983 and 1985 to redress the intentional and conspiratorial deprivation of Plaintiff's constitutional rights to familial association and due process under the Fourteenth Amendment.
2. Defendants, acting under color of state law, utilized a factually erroneous record and suppressed exculpatory evidence to justify the removal of Plaintiff's grandchildren and to facilitate a "race to finality" in adoption proceedings designed to moot Plaintiff's pending state court appeals and permanently sever sibling bonds.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.
4. Venue is proper in the District of Alaska under 28 U.S.C. Section 1391(b).

## III. PARTIES

5. Plaintiff Tanya Lange is a resident of the State of Alaska and the biological grandmother of minor children A.L. and K.L.
6. Defendants Martha Kincaid, Michelle Partridge, Margit Garry, and Jen Brighton were OCS employees acting under color of state law.

7. Defendant Deb Russ was the appointed Guardian ad Litem ("GAL") for the minor children.
8. Defendant Paul S. Morin was an Assistant Attorney General for the State of Alaska.
9. All Defendants are sued in their **individual capacities**.

## IV. FACTUAL ALLEGATIONS

10. Prior to OCS intervention, Plaintiff was the primary caregiver for A.L. and K.L., raising them in a single unit with their other siblings.
11. State officials possessed internal communications dated July 16, 2024 confirming that no legal action was warranted against Plaintiff.
12. Despite this, Defendants coordinated to misrepresent Plaintiff's status to the Superior Court, characterizing her license as "revoked" when it had merely expired, and suppressing the fact that she had been cleared of misconduct.
13. On October 21, 2026, Plaintiff filed an Emergency Motion for Stay in the Alaska Supreme Court.
14. On October 22, 2026, with knowledge of the pending stay, Defendants facilitated the entry of a final Adoption Decree in Kenai Superior Court Case No. 3KN-26-00290/91 PR.
15. On October 23, 2026, the State moved to dismiss Plaintiff's appeal as "moot," with Defendants Russ and Morin coordinating to close the appellate file before the Full Court could rule on the stay.
16. This sequence of events constitutes a coordinated effort to create a fait accompli, stripping Plaintiff of her right to access the courts and her right to familial association.

## V. CAUSES OF ACTION

**COUNT I: 42 U.S.C. Section 1983 - Fourteenth Amendment (Familial Association)** 17. Defendants violated Plaintiff's fundamental liberty interest in family integrity by relying on a tainted record to sever her bond with her grandchildren and sever their bond with their siblings.

**COUNT II: 42 U.S.C. Section 1985 - Conspiracy to Interfere with Civil Rights** 18. Defendants conspired to utilize the machinery of the state to extinguish Plaintiff's legal remedies and familial bonds through procedural gamesmanship and misrepresentation.

**COUNT III: 42 U.S.C. Section 1983 - Denial of Access to Courts** 19. Defendants unconstitutionally obstructed Plaintiff's right to meaningful judicial review and access to the courts by rushing the adoption decree while a stay motion was pending.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests: A. A declaration that Defendants' conduct violated Plaintiff's constitutional rights to due process and meaningful appellate review; B. Compensatory and punitive damages against the individual Defendants; C. Prospective injunctive relief preventing

further retaliatory or obstructive conduct by Defendants in any related proceedings; D. Any other relief the Court deems just.

DATED: November 13, 2026

______________________________

Tanya Lange, Plaintiff Pro Se

Tanya Langf
P.O. Box 3516
Soldotna, AK
99669



U.S. District Court, Anchorage
222 W. 7th Ave ~~R00M~~ M229 #4
Anchorage, AK
99513